# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**B-01-137**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| HANSEN-MUELLER COMPANY | M/V SEA TRADER, et al. |

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven P. Vangel, Esq.
Hill Rivkins & Hayden LLP
712 Main Street, Suite 1515
Houston, TX 77002   713-222-1515

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| Stockholders' Suits | ☐ 350 Motor Vehicle | | | ☐ 875 Customer Challenge 12 USC 3410 |
| Other Contract | ☐ 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| Land Condemnation | ☐ 441 Voting | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| Torts to Land | ☐ 444 Welfare | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| All Other Real Property | | PRISONER PETITIONS | | |
| | | ☐ 510 Motions to Vacate Sentence | | |
| | | HABEAS CORPUS: | | |
| | | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Rule 9(h), 28 U.S. Code Section 1333, and U.S. Code Section 8

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $250,000.00

**CHECK YES** only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

8/6/01

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

201001                    SPV/lp

*United States District Court*
*Southern District of Texas*
*FILED*

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

AUG 1 3 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HANSEN-MUELLER COMPANY § | |
|           Plaintiff § | |
| § | |
| -against- § | |
| § | C.A. No. **B-01-137** |
| M/V SEA TRADER § | (In Admiralty) |
| her engines, tackle, etc. § | |
| § | |
| -and against- § | |
| § | |
| SARNIA CORP. LTD. and § | |
| CHORUS MARITIME INC. § | |
|           Defendants § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff herein, by and through its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendants, alleges upon information and belief:

### I.

This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S. Code § 1333, and 9 U.S. Code § 8.

### II.

At and during all the times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

## III.

At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

## IV.

On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

## V.

Thereafter, the said vessel arrived at the port of destination described in Schedule A, where the cargo was delivered short and/or otherwise damaged as further described in Schedule A.

## VI.

By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

## VII.

Plaintiff was the shipper, consignee or owner of the shipment as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## VIII.

Plaintiff has duly performed all duties and obligations on its part to be performed.

## IX.

By reason of the premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

## X.

Plaintiff further alleges, in the alternative and without waiving the above cause of action, that defendants were bailees to the plaintiff's cargo described in Schedule A upon the cargo's delivery to the vessel as described in Schedule A. The bailment for mutual benefit between the plaintiff/cargo owner and the defendants was made express by the bills of lading, or, alternatively, was an implied contract. The defendants delivered the cargo described in Schedule A in a damaged condition which did not exist a the time of the plaintiff's/bailor's delivery to the bailee as described in Schedule A. The defendants breached their duties and obligations as bailees and were negligent.

## XI.

As a result of the above breach and negligence, defendants proximately caused plaintiff's property to be damaged, thus causing plaintiff to suffer damages in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

## XII.

All and singular and premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages aforesaid, together with interest and costs and the disbursements of this actions.;

3. That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said motor vessel, her engines, etc., and that all persons having or claiming any interest herein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court will be pleased to pronounce a judgment in favor of plaintiff for its said damages, together with interest, costs and disbursements, and the said motor vessel may be condemned and sold to pay therefor; and;

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

_____
STEVEN P. VANGEL
Texas Bar No. 20465800
SDTX I.D. No. 4065
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone: (713) 222-1515
Facsimile: (713) 222-1359

ATTORNEY IN CHARGE FOR PLAINTIFF
HANSEN-MUELLER COMPANY

OF COUNSEL:
HILL RIVKINS & HAYDEN LLP

4

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

Steven P. Vangel, being duly sworn, deposes and says:

I am an attorney and partner with the firm Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; I have read the foregoing complaint and know the facts to be true of my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff, HANSEN-MUELLER COMPANY, is a corporation, none of whose officers are now within this district.

The sources of deponents information and the grounds for my belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in my files.

_____
Steven P. Vangel

Subscribed and sworn to before me, the undersigned authority, this 10th day of August, 2001.

_____
Notary Public, State of Texas



LIZ PODHORSKY
MY COMMISSION EXPIRES
May 4, 2003

5

## SCHEDULE A

### Legal Status and Place of Business of Parties

Plaintiff, Hansen-Mueller Company, was and now is a corporation or other entity with an office and place of business in Omaha, Nebraska.

Defendant, M/V SEA TRADER was at material times a bulk carrier sailing under the flag of St. Vincent and the Grenadines. The vessel was built in 1985, and its gross tonnage is 22,132 tons.

Defendant, SARNIA CORP. LTD., was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a regular place of business in Texas or a designated agent on whom service may be made, and thus may be served through the Secretary of State for the State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et seq., in care of its manager, South African Marine Corp. Ltd. (SAFMAN), E Berth Building, Duncan Road, Cape Town, 8001, South Africa.

Defendant, CHORUS MARITIME INC., was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a regular place of business in Texas or a designated agent on whom service may be made, and thus may be served through the Secretary of State for the State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et seq., in care of its manager, Enterprises Shipping, 11 Posidonos Avenue, Elliniko, 167 77 Athens, Greece.

### Description of Shipment

| | |
|---|---|
| Vessel: | M/T SEA TRADER |
| Date of Shipment: | On or about November 23, 2000 |
| Port of Shipment: | Brownsville, Texas |
| Shipper: | Odal ek. for. |
| Consignee: | Hansen-Mueller Company |
| Description of Shipment: | Swedish Oats |
| Nature of Loss or Damage: | Seawater Contamination and/or Shortage |
| Amount: | $250,000.00 |

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ TEXAS _____

Houston Division

HANSEN-MUELLER COMPANY

                Plaintiff

-against-

M/V SEA TRADER, her engines tackle, etc.

  -and against-

SARNIA CORP. LTD. and
CHORUS MARITIME INC.

                Defendants

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **B-01-137**

TO: (Name and address of defendant)

Sarnia Corp. Ltd.
in care of South African Marine Corp. Ltd. (SAFMAN)
E Berth Building
Duncan Road
Cape Town, 8001, South Africa
(Through the Secretary of State)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Steven P. Vangel, Esq.
Hill Rivkins & Hayden LLP
712 Main Street, Suite 1515
Houston, Texas 77002
(713) 222-1515

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mr. Michael N. Milby
CLERK

(BY) DEPUTY CLERK

DATE 8-13-01

# United States District Court

SOUTHERN DISTRICT OF TEXAS
Houston Division

ANSEN-MUELLER COMPANY
          Plaintiff

-against-

M/V SEA TRADER, her engines tackle, etc.

-and against-

ARNIA CORP. LTD. and
HORUS MARITIME INC.
          Defendants

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B-01-137

TO: (Name and address of defendant)

Chorus Maritime Inc.
in care of Enterprises Shipping
1 Posidonos Avenue
Elliniko, 167 77
Athens, Greece
(Through the Secretary of State)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Steven P. Vangel, Esq.
Hill Rivkins & Hayden LLP
712 Main Street, Suite 1515
Houston, Texas 77002
(713) 222-1515

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mr. Michael N. Milby
CLERK

DATE: 8-13-01

(BY) DEPUTY CLERK