

COPY

United States District Court
Southern District of Texas
FILED

OCT 2 3 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HANSEN-MUELLER COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. B-01-137 |
| | § | In Admiralty |
| M/V SEA TRADER, her engines, | § | Rule 9(h) |
| tackle, etc., *in rem*, and | § | |
| SARNIA CORP. LTD. and | § | |
| CHORUS MARITIME INC., *in* | § | |
| *personam*, | § | |
| | § | |
| Defendants. | § | |

### ANSWER OF SARNIA CORP. LTD. AND CHORUS MARITIME INC.

*In personam* Defendants, Sarnia Corp. Ltd. ("Sarnia") and Chorus Maritime Inc. ("Chorus"), by and through their attorneys of record, Georgantas & Walters, L.L.P., file this their Answer to Plaintiff's Complaint, subject to any and all arbitration provisions, and upon information and belief answer as follows:

#### FIRST DEFENSE

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants would show the following as defenses to Plaintiff's Complaint: lack of jurisdiction over the person of Defendants.

#### SECOND DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assert that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

Subject to and without waiving the foregoing defense, Defendants answer the specific allegations of Plaintiff's Complaint as follows:

I.

Defendants admit that the claim, as stated, falls within the admiralty and maritime jurisdiction of this Honorable Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333, and, except as so admitted, deny the remaining allegations contained within paragraph I of Plaintiff's Complaint.

II.

The allegations contained within paragraph II of Plaintiff's Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

III.

The allegations contained within paragraph III of Plaintiff's Complaint are denied, except it is admitted that the Defendants are foreign business entities and further that Defendant Chorus was the owner of the M/V SEA TRADER during the period in question.

IV.

The allegations contained within paragraph IV of Plaintiff's Complaint are denied, except it is admitted that a cargo of Swedish oats was transported onboard the M/V SEA TRADER.

V.

The allegations contained within paragraph V of Plaintiff's Complaint are denied.

VI.

The allegations contained within paragraph VI of Plaintiff's Complaint are denied.

VII.

The allegations contained within paragraph VII of Plaintiff's Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

VIII.

The allegations contained within paragraph VIII of Plaintiff's Complaint are denied.

IX.

The allegations contained within paragraph IX of Plaintiff's Complaint are denied.

X.

The allegations contained within paragraph X of Plaintiff's Complaint are denied.

XI.

The allegations contained within paragraph XI of Plaintiff's Complaint are denied.

XII.

Defendants admit that the claim, as stated, falls within the admiralty and maritime jurisdiction of this Honorable Court and,

except as so admitted, deny the remaining allegations contained within paragraph XII of Plaintiff's Complaint.

XIII.

To the extent applicable, Defendants deny the allegations contained within the paragraph of Plaintiff's Complaint beginning with the word "WHEREFORE" and the allegations set forth thereunder.

**FOURTH DEFENSE**

Further answering, if any be necessary, Defendants would show as a defense to Plaintiff's Complaint that if the subject cargo referred to in Plaintiff's Complaint was carried as alleged, then Defendants are entitled to the benefit of all rights, immunities, exemptions and limitations contained in the covering bills of lading, applicable charter parties and/or applicable statutes or international conventions, including the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et seq.* ("COGSA") or the Harter Act, 46 U.S.C. § 190, *et seq.* and/or general maritime law and/or terms of Defendants' tariff.

**FIFTH DEFENSE**

Further answering, if any be necessary, Defendants would show as a defense to Plaintiff's Complaint that they were not given the three day notice as provided for by Section 1303(6) of the Carriage of Goods by Sea Act (46 U.S.C. § 1300 *et seq.*) and, therefore, there is a *prima facie* case that the subject cargo was delivered from the M/V SEA TRADER in apparent good order and condition.

## SIXTH DEFENSE

Further answering, if any be necessary, Defendants would show as a defense that if said cargo suffered any damage, which is not admitted but is expressly denied, then said damage resulted from an inherent vice of the cargo, latent defect, improper, inadequate or insufficient packaging and/or not through any fault or neglect of Defendants.

## SEVENTH DEFENSE

Further answering, if any be necessary, Defendants would show as a defense to the Plaintiff's Complaint that the subject cargo was damaged and/or lost, if such was the case, after it was discharged from the custody and control of Defendants or before it was within the custody and control of Defendants.

## EIGHTH DEFENSE

Further answering, if any be necessary, Defendants assert that Plaintiff has failed to properly mitigate its damages, if any, and places Plaintiff on full proof of the reasonableness of the steps taken to minimize damage.

## NINTH DEFENSE

Further answering, if any be necessary, Defendants would show as a defense that if the subject cargo was damaged or lost, which is not admitted but which is expressly denied, then such damage or loss resulted from an act or omission of third parties from whom Defendants are not responsible.

## TENTH DEFENSE

Further answering, if any be necessary, Defendants would show as a defense that if Plaintiff suffered any damage or loss, which is not admitted but which is expressly denied, that such damage or loss was not proximately caused by any acts, omissions or neglect of Defendants.

WHEREFORE, *in personam* Defendants, Sarnia Corp. Ltd. and Chorus Maritime Inc., pray that Hansen-Mueller Company's Complaint be dismissed with costs and that this Honorable Court grant to *in personam* Defendants, Sarnia Corp. Ltd. and Chorus Maritime Inc., such other further and different relief as this Honorable Court deems just and proper.

Respectfully submitted,

*[signature]*

Dimitri P. Georgantas
Attorney-in-Charge
Texas State Bar No. 07805100
Federal I.D. No. 2805
Seth A. Nichamoff
Texas State Bar No. 24027568
Federal I.D. No. 27002
909 Fannin Street, Suite 560
Houston, Texas 77010
(713) 655-8585 Telephone
(713) 655-1444 Facsimile

ATTORNEYS FOR *IN PERSONAM* DEFENDANTS, SARNIA CORP. LTD. AND CHORUS MARITIME INC.

OF COUNSEL:
GEORGANTAS & WALTERS L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing answer was forwarded via certified mail, return receipt requested, on the 22 day of October, 2001, to:

Steven P. Vangel, Esq.
Hill Rivkins & Hayden
712 Main Street, Suite 1515
Houston, Texas 77002

Dimitri P. Georgantas

K:\client\21\012\Answer.01

7